UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD BOHN | CIVIL ACTION |
| VERSUS | NO. 11-610 |
| LQ MANAGEMENT, L.L.C. d/b/a<br>LA QUINTA INNS AND SUITES | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Plaintiff's Motion to Compel Discovery Responses, Record Doc. No. 23

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART, as follows. This is a garden variety employment discrimination case in which plaintiff, Richard Bohn, alleges that defendant, LQ Management LLC d/b/a La Quinta Inns and Suites ("La Quinta"), terminated his employment because he had taken medical leave, in violation of the Family Medical Leave Act. The instant discovery dispute presents the familiar dichotomy of Fed. R. Civ. P. 26(b)(1) and (2) between allowing the parties adequate leeway to discover information relevant to their claims or defenses and imposing limits "to guard against redundant or disproportionate discovery." Advisory Committee Notes to the 1983 Amendments to the Federal Rules of Civil Procedure reported in Federal Civil Judicial Procedure and Rules at 159 (Thomson West Pamph. 2011 ed.). The reasonableness of any topic of inquiry in discovery depends on the circumstances of the case. See Advisory Committee Notes to the 2000 Amendments to the Federal Rules of Civil Procedure reported in Federal Civil Judicial Procedure and Rules at 168 ("When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action.").

Plaintiff's Requests for Production Nos. 1 and 2, even as narrowed by plaintiff to the 10-month period of January through October 2010, are clearly excessive and unduly burdensome. In Request for Production No. 1, he requests all of defendant's "Nite Vision" daily Activity Logs for this time period from the 22 to 25 hotels that are supervised by the Regional Vice President who terminated his employment. However,

in its supplemental opposition memorandum, La Quinta has notified plaintiff and the court that the requested Nite Vision Activity Logs were routinely purged by defendant's document retention system before defendant was served with the instant lawsuit. Record Doc. No. 29-2. Subject to its relevance and burdensomeness objections, La Quinta offers to substitute its daily Financial Transaction Records, which would provide plaintiff with similar, although not identical, information to that in the purged Activity Logs. Acknowledging that defendant cannot produce what it does not have in its possession, custody or control, Bohn in his surreply memorandum accepts defendant's offer regarding the Financial Transaction Records, but he also asks that he "not be penalized by Defendant's document destruction policy" and that La Quinta be ordered to produce the available Activity Logs and Time Detail Reports from any recent six-month period for the same 22 to 25 hotels. Record Doc. No. 35.

Bohn's Requests for Production Nos. 1 and 2 for 10 months of records would require La Quinta to locate, gather and produce approximately 300 daily Financial Transaction Records, numbering more than 6,600 individual records, and more than 30,000 pages of Time Detail Reports, all of which defendant's counsel would have to review before their production to plaintiff. Bohn's new request for an additional six months worth of Activity Logs and matching Time Detail Reports would increase that amount by another 60 percent. This is clearly excessive in relation to the straightforward nature and relatively low potential damages involved in the instant case. La Quinta's objection that the requests are overly broad and unduly burdensome is therefore sustained in part.

On the other hand, plaintiff's requests appear to have enough relevance to fall within the scope of discovery because he must ultimately prove that other, similarly situated employees were not terminated in nearly identical circumstances. Thus, defendant's relevance objection is overruled.

To allow Bohn to proceed with his Requests for Production Nos. 1 and 2 as written. even as narrowed by plaintiff, would be unreasonable. The court must exercise its discretion to restrict his discovery requests in some reasonable fashion. See Advisory Committee Notes to the 2000 Amendments to the Federal Rules of Civil Procedure reported in Federal Civil Judicial Procedure and Rules at 164 (Thomson West Pamph. 2011 ed.) ("The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery . . . ."); Reif v. CNA, 248 F.R.D. 448, 451 (E.D. Pa. 2008) (citing Gallas v. Supreme Ct., 211 F.3d 760, 778 (3d Cir. 2000)) ("Courts have significant discretion when resolving discovery disputes."); Johnson v. Nyack Hosp., 169 F.R.D. 550, 562 (S.D.N.Y. 1996) (The court has "broad powers . . . to regulate or prevent discovery even though the materials sought are within the scope of 26(b).") (quotation and citation omitted); 8A

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2040 at p. 195 (3d ed. 2010) (The court may
> order that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters. An order of this kind might be appropriate when discovery would burden the party from whom it is sought unduly, in comparison with any advantage it would provide to the discovering party . . . . The court also has discretion whether to limit discovery to matters occurring in a particular period of time or otherwise limit the scope of the inquiry.).

Accordingly, I will limit Bohn's Request for Production Nos. 1 and 2 to the time period of six months prior to October 4, 2010, which was the date of his termination, and to only 10 of the requested hotels, which plaintiff may designate. If, after deposing defendant's representatives, Bohn is able to identify any additional, specific, relevant and responsive records that fall outside these limitations, I will consider a renewed motion to compel.

Although plaintiff appears to have requested paper copies, I encourage the parties to try to reach an agreement concerning producing these electronically stored records in electronic format to minimize the costs of production.

New Orleans, Louisiana, this ___16th___ day of February, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

3